IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW COOPER,                          )    CASE NO. 3:07CV0610
                                         )
            Petitioner,                  )
                                         )    JUDGE POLSTER
      v.                                 )
                                         )    MAGISTRATE JUDGE VECCHIARELLI
STUARD HUDSMAN, Warden,                  )
                                         )    **AMENDED**
            Respondent.                  )    **REPORT AND RECOMMENDATION**
                                         )

      This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Matthew Cooper ("Cooper") petitions this court for a writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254 on March 1, 2007.  Cooper is in the custody of the Ohio Department

of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State*

*of Ohio v. Cooper*, Case No. 05 CR 0192 (Marion County 2005).  For the reasons given

below the magistrate judge recommends that the petition be granted.

I

      On May 4, 2005 the Marion County grand jury indicted Cooper on one count of

aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(2), a felony of the first

degree; aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), a felony of the

first degree; kidnaping in violation of Ohio Rev. Code § 2905.01(A)(2), a felony of the first

degree; and possession of cocaine in violation of Ohio Rev. Code § 2925.11(A) & (C)(4), a felony of the fifth degree.  The first three counts had firearm specifications.  Cooper was accused of breaking into a house with three other men, all of whom wore masks and one of whom was armed with a gun.  The defendants were alleged to have threatened and held two inhabitants of the house.

All defendants pleaded guilty to reduced charges.  The state recommended that all defendants be held jointly and severally liable for reimbursing their victims in the amount of $474.32.  Defendant Brandon J. Valentine ("Valentine") pleaded guilty to a single count,[1] and the state recommended a three year term of imprisonment on that count with possible judicial release after 12 months.  Transcript of Proceedings, August 10, 2005 ("Sentencing tr."), Answer, Doc. No. 6, Exh. 5, p. 7-8. Defendant Michael J. Chick ("Chick") pleaded guilty to two counts, and the state recommended a four year term of imprisonment on each count, the sentences to be served concurrently and with possible judicial release after two years.  *Id.* at 8, 15.  Defendant Timothy B. Hicks ("Hicks") pleaded guilty to two counts, and the state recommended a four year term of imprisonment on each count, the sentences to be served concurrently but consecutively to a term of imprisonment in a previous case.[2] *Id.* at 8, 16.  The state did not oppose Hicks's judicial release.

On July 11, 2005, Cooper pleaded guilty to aiding and abetting aggravated burglary with a firearm specification and aggravated robbery.  The state recommended that Cooper serve two three year terms of imprisonment on each of the substantive counts, those

---

[1]  The gravamen of the counts to which the other defendants pleaded guilty does not appear in the record, except that only Cooper pleaded guilty to a firearm specification.

[2]  Hicks was on parole at the time of the burglary and robbery.

2

sentences to be served concurrently, and to a three year term of imprisonment on the firearm specification, that sentence to be served consecutively to the other sentences. *Id.* Cooper was the only defendant who pleaded guilty to a firearm specification, and the state opposed judicial release in Cooper's case. *Id.* at 8, 13.  Prior to Cooper's pleading guilty, the court determined that he understood the nature of the charges against him, informed him of the consequences of his plea, and informed him of his trial rights.  The court did not inform Cooper of his right to an appeal, and the Entry of Guilty Plea he signed made no mention of his appellate rights.  Transcript of Proceedings ("Plea tr."), Answer, Exh. 5, pp. 4-17; Entry of Guilty Plea, Answer, Exh. 2.  Indeed, the court implied that Cooper would have no appellate rights if he pleaded guilty:

> [I]f you had a trial and if you'd be convicted, then you'd have the right to an appeal. If you didn't have the money for an appeal an attorney and the necessary paperwork would be provided for you without charge.  You need to understand your plea of guilty is a complete admission of guilt, and all these rights I've just described in reference to trial you waive and give up when you plead guilty.

The court also informed Cooper that the consequences of pleading guilty to aiding and abetting were identical to those for pleading guilty to the crime aided and abetted. *Id.* at 10-11.

The court sentenced all four defendants on August 10, 2005.  The court sentenced each defendant in accordance with the state's recommendations with two exceptions.  First, the court sentenced Hicks to two concurrent five year sentences, to be served consecutive to his sentence in the previous case.  Second, the court sentenced Cooper to concurrent five and three year sentences, with a consecutive three year sentence for the firearm specification and five years of post-release control. *Id.* at 15-16.  In sentencing Chick, Hicks, and Cooper to more than minimum terms, the court asserted the following:

3

THE COURT:  The findings are appropriate in this case.  The minimum term would demean the seriousness of the offense and not adequately protect the public from future crime.

I'm taking into account on each of these gentlemen, Mr. Chick, Mr. Hicks, and Mr. Cooper, the nature of the offenses involved here, the terror that was inflicted on the family.  Also their records.

Specifically Mr. Hicks, that he was already on probation for a Burglary.  Mr. Chick, that he has a fairly significant juvenile record.  And on Mr. Cooper that he has a fairly low grade juvenile and adult record, but still a record nonetheless.

Plea tr. at 16-17.

Cooper did not timely file a notice of appeal.  On June 26, 2006, Cooper filed a notice of appeal in the trial court and a motion for leave to file a delayed appeal in the state appellate court.  In his motion for delayed appeal, Cooper proposed raising the following four issues on appeal:

1.  Defendant was denied due process of law and a lack of understanding of the offense to which he was pleading guilty as he was informed that he was being prosecuted as an aider and abettor and at sentencing the theory was changed to defendant being a principal offender.

2.  Defendant was denied due process of law when he was sentenced to than [sic] a minimum sentence as a person who had never served a prior prison sentence.

3.  Defendant was denied due process of law when he was not given sentences consistent with other co-defendants in this case who had received less time and whom [sic] had prior convictions and had been sentenced to prison before.

4.  Defendant was denied due process of law when he was sentenced to more that [sic] a minimum sentence based on judicial factfinding which has been ruled unconstitutional by the Ohio Supreme Court in _State v. Foster_, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

Cooper asserted as justification for the delayed appeal the failure of the trial court to inform him of his appellate rights and the fact that he had not waived his right to an appeal.  On September 1, 2006, the state appellate court denied Cooper leave to appeal.  In finding that Cooper had failed to set forth sufficient reasons for his failure to file a timely appeal, the state appellate court did not refer to Cooper's contention that he had not been informed of

4

his appellate rights and had not waived those rights.

Cooper filed a notice of appeal in the Ohio Supreme Court on September 25, 2006.

In his memorandum in support of jurisdiction, Cooper asserted three propositions of law:

> **PROPOSITION OF LAW NO. I:**
> A DEFENDANT IS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW WHERE A COURT DENIES A DELAYED APPEAL WHERE A DEFENDANT HAS NOT BEEN ADVISED OF HIS RIGHT TO AN APPEAL AND AT NO TIME DID HE KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY WAIVE HIS RIGHT TO A DELAYED APPEAL.
>
> **PROPOSITION OF LAW NO. II:**
> A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A COURT INFORMS A DEFENDANT AT A PLEA HEARING THAT HE IS BEING PROSECUTED AS AN AIDER AND ABETTOR BUT AT SENTENCING PROCEEDS TO SENTENCE THE DEFENDANT AS A PRINCIPAL OFFENDER.
>
> **PROPOSITION OF LAW NO. III:**
> A DEFENDANT IS DENIED DUE PROCESS OF LAW AND HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS WHEN THE COURT PROCEEDED TO SENTENCE THE DEFENDANT TO MORE THAN A MINIMUM SENTENCE BASED ON FINDINGS MADE BY THE COURT AND NOT ADMITTED BY THE DEFENDANT AT THE TIME OF THE PLEA.

On January 27, 2007, the Ohio Supreme Court denied Cooper leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Cooper filed in this court a petition for a writ of habeas corpus on March 1, 2007.

Cooper asserts three grounds for relief in his petition:

A.      Ground one:           FOURTEENTH AMENDMENT

Supporting Facts:  Petitioner was denied due process of law and equal protection of the law where an appellate court denied a delayed appeal where petitioner had not been advised of his right to an appeal and at no time did he knowingly, intelligently or voluntarily waive his right to a delayed appeal.

B.      Ground two:           FOURTEENTH AMENDMENT

Supporting Facts:  Petitioner was denied due process of law when the trial court informed petitioner at the time of his plea of guilty that he was being prosecuted as

an aider and abettor but, at sentencing, proceeded to sentence petitioner as a principal offender.

C.      Ground three:                SIXTH AND FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law and his rights under the Sixth and Fourteenth Amendments were violated when the trial court proceeded to sentence petitioner to more than a minimum sentence based on findings made by the court and not admitted at the time of his plea, especially when his plea of guilty was based on a claim by the court and prosecutor that petitioner was an aider and abettor but was sentenced later as a principal offender.

Respondent filed an Answer on June 12, 2007.  Cooper filed a Traverse on June 15, 2007.

Doc. No. 7.  Thus, the petition is ready for decision.

II

A.      *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Cooper was convicted in the court of common pleas in Marion County.  At the time

he filed his writ of habeas corpus in the Northern District of Ohio, he was in prison pursuant

to that conviction.  This court has jurisdiction over Cooper's petition.

B.      *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited

circumstances when the factual basis of a claim has not been adequately developed in

6

state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Cooper's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.      *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Cooper has no remaining state remedies for his claims.  Because Cooper has no remaining state remedies, his claims are exhausted.


D.      *Procedural default*

7

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent argues that Cooper has procedurally defaulted his first ground for relief, that is, his claim that he was denied due process and equal protection when the appellate court denied his motion for a delayed appeal. According to respondent, Cooper defaulted this claim because he failed to raise the claim in the state appellate court.[3]

To be blunt, respondent's argument is not logical. Respondent fails to explain how Cooper possibly could have presented to the state appellate court a claim that did not accrue until the state appellate court refused to hear his appeal. Cooper presented this claim for the first time to the Ohio Supreme Court. Given that this was the first opportunity he had to present this claim to any state court after the claim accrued, it cannot reasonably

---

[3] More precisely, respondent argues that Cooper presented this claim in the state appellate court as justification for failing to file a timely appeal but did not present it as a stand-alone claim. Respondent errs. Cooper's justification for filing a delayed appeal was that the trial court failed to inform him of his appellate rights. The claim at issue is Cooper's claim that he was denied due process because the state appellate court refused to hear his delayed appeal.

8

be argued that Cooper defaulted this ground for relief.  For this reason, the court will examine the merits of this claim.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as

9

determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply.  *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence."  *Id.*  The magistrate judge will consider Cooper's grounds for relief under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

A.    *Ground one:  Whether Cooper was denied due process when the state appellate court refused to hear his delayed appeal*

Cooper argues in his first ground for relief that he was denied due process when the state appellate court refused to consider his motion for a delayed appeal.  Respondent answers that Cooper's claim is without merit because Cooper cannot show that he was prejudiced by the alleged error.

10

Federal courts generally do not grant habeas relief for alleged errors arising under state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990);  see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . .  [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  However, an error of state law may serve as a basis for habeas relief when the petitioner was denied fundamental fairness in the trial process.  *Id.*; *see also Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  An error of state law so severe as to deny fundamental fairness offends the due process clauses of the Fifth and Fourteenth Amendments.  *See United States v. Agurs*, 427 U.S. 97, 107 (1976); *see also In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

This principal applies to direct appeals.  There has never been a federal constitutional right to an appeal.  *Abney v. United States*, 431 U.S. 651 (1977); *Hollin v. Sowders*, 710 F.2d 264, 267 (6th Cir. 1983).  However, "[i]f a State has created appellate courts as 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)).

Ohio App. R. 5(A) ("R. 5(A)") provides as follows:

(A) Motion by defendant for delayed appeal.

(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave

11

of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings; . . .

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals.  The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Rule 5(A) provides no standard whatsoever to guide an appellate court in its decision to accept or deny an appeal.  Indeed, it is precisely because the decision to grant or deny a motion for a delayed appeal is solely within the discretion of the state appellate court that the Sixth Circuit has found R. 5(A) not to be an adequate and independent ground upon which Ohio can rely to foreclose habeas review.  *Deitz v. Money*, 391 F.3d 804, 809-11 (6th Cir. 2004).

Because R. 5(A) confers unfettered discretion on a state appellate court to grant or deny a motion for a delayed appeal, there can be no violation of due process based on an appellate court's failure to allow a delayed appeal pursuant to that rule.  In terms of a petition for habeas relief, R. 5(A) simply does not exist, either as a ground for relief or as a barrier to habeas review.  For these reasons, the court should not grant habeas relief based on Cooper's first ground for relief.

*B.*	*Ground two:  Whether Cooper was denied due process of law when the trial court informed him at the time of his plea of guilty that he was being prosecuted as an aider and abettor but sentenced him as a principal offender*

Cooper argues that he was denied due process because he pleaded guilty to aiding and abetting aggravated burglary and aggravated robbery but the court sentenced him as

12

a principal offender for those crimes.  Cooper does not claim that the court told him he was being sentenced as a principal offender.  Rather, he deduces this from the alleged fact that he was given a greater sentence than was given to any co-defendant.  Respondent denies that the court sentenced Cooper as a principal offender.

The first problem with Cooper's argument is its factual premise:  The court did *not* sentence him to a longer sentence than that of any co-defendant.  The court gave Hicks the same sentence that it gave Cooper for aggravated burglary, five years.  The court gave Chick and Hicks sentences of four and five years respectively for aggravated robbery, both longer sentences than Cooper's three year sentence for the same crime.

The second problem with Cooper's argument is its assumption that the co-defendants' circumstances were otherwise identical, so that no other difference in their circumstances could explain Cooper's longer total sentence.  That assumption is wrong. Cooper was the only defendant to plead guilty to a firearm specification.  Cooper does not claim that increasing the sentence for committing a crime when using a gun violates the Constitution or laws of the United States, even if the total sentence is already enhanced by a separate sentence for a firearm specification.[4]

The third problem with Cooper's argument is its assumption that a sentence for aiding and abetting must necessarily be shorter than a sentence as a principal offender. Cooper cites no Ohio legal authority to support this assumption because there is none.

---

[4] Cooper argues that he was not the person carrying the gun when the crime was committed.  This court notes that the state dropped the firearm specification for every co-defendant but Cooper;  he knew that the state had done this; and he still pleaded guilty to the firearm specification.  Cooper has long passed the time when he might legally contest this issue.

13

Indeed, the judge clearly told Cooper before he pleaded guilty that a conviction for aiding and abetting a crime carries with it the same legal consequences as if the defendant had been the principal offender.

Cooper jumps to an unwarranted conclusion because his facts and assumptions are wrong. There is no need to conclude that Cooper was sentenced as a principal offender. Cooper's sentence for aiding and abetting and a firearm specification, even when compared to the sentences given his co-defendants, is entirely explicable under Ohio law. There is no need to conclude that he was sentenced as a principal, and this court declines to reach such a conclusion. As Cooper was not sentenced as a principal, his argument that he was denied due process because he was sentenced as a principal offender collapses. For this reason the court should dismiss Cooper's second ground for relief.

C.      *Whether Cooper was denied due process and the right to a trial when the court sentenced him to more than a minimum sentence based on findings made by the court and not admitted at the time of his plea*

Cooper argues that he was denied due process and his right to a trial when the court gave him a sentence for aggravated burglary that required judicial findings of fact barred by the holding in *Blakely v. Washington*, 542 U.S. 296 (2004). Respondent does not deny that *Blakely* governed Cooper's case at the time of his sentencing or that sentencing Cooper to more than the minimum sentence for aggravated burglary required judicial findings of fact barred by *Blakely*. Rather, respondent argues that Cooper cannot show prejudice resulting from the court's error because if Cooper were to be sentenced now, the court could give him the same sentence without making judicial findings of fact. Respondent's argument is erroneous.

The court sentenced Cooper on August 10, 2005. *Blakely* was decided on June 24,

14

2004.  *Blakely* held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant.  *Blakely*, 542 U.S. at 303.  That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.

At the time Cooper pleaded guilty, Ohio Rev. Code § 2929.14 ("§ 2929.14") governed sentencing in Ohio.  Section 2929.14(B) provided as follows:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G)[5] of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Section 2929.14(A)(1) provided that for a felony of the first degree "the prison term shall be three, four, five, six, seven, eight, nine, or ten years."

Cooper was sentenced to five years for aggravated burglary, a felony of the first degree.  As Cooper was not serving a prison term at the time of his sentence and had not previously served a prison term, the trial court could have sentenced Cooper to this term of imprisonment only if it found that Cooper committed a particularly serious form of the offense or would not be deterred by a minimum sentence.  Indeed, the court sentencing

---

[5]  Sections 2929.14(C), (D), & (G) were not applicable to Cooper's offense.

15

Cooper explicitly found that anything less than the sentence imposed would demean the seriousness of his crime and would not protect society from future crimes by Cooper.

At the time of Cooper's sentencing, Ohio Rev. Code § 2929.12 ("§ 2929.12") governed the factors for courts to consider in felony sentencing when determining the seriousness of a crime and the likelihood of recidivism.   Section 2929.12 provided in relevant part:

 (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.   In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

16

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of  section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code

17

prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

Section 2929.12 provides that courts *shall* consider the factors enumerated in subsections (B) and (C), dealing with the seriousness of the offense, and subsections (D) and (E), dealing with the likelihood of recidivism.  Thus, at the time of Cooper's sentencing Ohio law *required* a court to make explicit or implicit findings of fact regarding every factor enumerated in § 2929.12(B), (C), (D), & (E).  Some of these factors related to prior convictions and do not run contrary to the holding in *Blakely*.  But most of the required findings of fact required by §§ 2929.14(B) & (C) and 2929.12(B), (C), (D), & (E) required judicial fact-finding of the very sort barred by *Blakely*.  It was for this reason that on

18

February 27, 2006, in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006),[6] the Ohio

Supreme Court overturned § 2929.14(B) & (C) as unconstitutional in light of *Blakely*.  In

sum, Cooper's sentence of five years for aggravated burglary violated the holding in

*Blakely*.

Respondent argues, however, that Cooper was not prejudiced by this violation of his

due process right to a fair trial and, therefore, should not be given habeas relief on the

basis of that violation.  Respondent contends that Cooper was not prejudiced because if

the case were remanded to the trial court, the court could now sentence Cooper to the

same sentence without running afoul of *Blakely*.

Engaging in judicial factfinding in violation of *Blakely* results in a due process

violation susceptible to harmless error analysis.  *Washington v. Recuenco*, 548 U.S. 212

(2006).  The right to a fair trial is a right implicit in the due process clauses of the Fifth and

Fourteenth Amendments.  *See United States v. Agurs*, 427 U.S. 97, 107 (1976).  The

analysis of alleged violations of the right is identical under either amendment.  *Id.*  "A fair

trial in a fair tribunal is a basic requirement of due process."  *In re Murchison*, 349 U.S. 133,

136 (1955).  "[A] fair trial is one in which evidence subject to adversarial testing is

presented to an impartial tribunal for resolution of issues defined in advance of the

proceeding."  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).

Not all violations of the right to a fair trial, however, entitle a petitioner to habeas

---

[6]  *Foster* severed the unconstitutional portions of Ohio's sentencing statutes.  The resulting statutes provided that a court may sentence a defendant to any term within a crime's sentencing range without making impermissible required findings of fact.  *Foster* also ordered that any defendant whose case was pending when *Blakely* was decided, including pending in the Ohio appellate process, was to be re-sentenced under the re-shaped sentencing statutes.  Cooper was sentenced after *Blakely* and prior to *Foster*.

relief.  In *Brecht v. Abrahamson,* 507 U.S. 619 (1993), the Supreme Court held that a court considering a collateral review of a conviction should weigh constitutional "trial error"[7] by (1) evaluating the error in the context of the entire record; (2) asking whether the trial error had a substantial and injurious effect on the jury's verdict, and (3) granting relief only if there is grave doubt about whether the error was harmless.  *id.* at 638.  In the case of trial error, a court may not grant habeas relief unless it believes that the error had a substantial and injurious effect on the outcome.  *Kyles v. Whitley*, 514 U.S. 419, 436 (1995).

Respondent's argument that judicial factfinding in Ohio in violation of *Blakely* cannot provide habeas relief because the error is harmless is mistaken.  Cooper was prejudiced by the court's factfinding.  If the trial court had been properly guided by the law in effect at the time it sentenced Cooper, that is, Ohio's pre-*Foster* sentencing statute as limited by *Blakely*, the longest sentence Cooper could have received without judicial factfinding was six years.  By engaging in impermissible factfinding, the trial court gave Cooper a sentence of eight years. Thus, the trial court's error prejudiced Cooper.

---

[7]  According to the Supreme Court,

[t]rial error "occur[s] during the presentation of the case to the jury," and is amenable to harmless-error analysis because it "may . . . be quantitatively assessed in the context of other evidence presented in order to determine [the effect it had on the trial]."  *Id.,* at 307-308.  At the other end of the spectrum of constitutional errors lie "structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards."  *Id.,* at 309. The existence of such defects--deprivation of the right to counsel, for example--requires automatic reversal of the conviction because they infect the entire trial process.   See *id.,* at 309-310.  Since our landmark decision in *Chapman v. California,* 386 U.S. 18 (1967), we have applied the  harmless-beyond-a-reasonable-doubt  standard  in  reviewing  claims  of constitutional error of the trial type.

*Brecht*, 507 U.S. at 629-30.

Respondent argues that if the cases is remanded to the trial court, that court will be able to sentence Cooper to the same sentence pursuant to *Foster's* revision of Ohio's sentencing statutes.  *See Shafer v. Wilson*, 2007 WL 315760, at \*10-\*11 (N.D. Ohio Jan. 30, 2007).   While this is true, this court should not predict or pre-judge what a state court will do if confronted with re-sentencing Cooper.  Whether respondent is correct that a state court will sentence Cooper to the same sentence if he is returned for re-sentencing is not a matter that this court should consider.

For these reasons, this court should find that the trial court violated Cooper's right to due process and grant Cooper's third ground for habeas relief.

IV

For the reasons given above the court should grant Cooper's petition for a writ of habeas corpus with respect to his third ground for relief and vacate Cooper's conviction for aggravated burglary unless the state of Ohio re-sentences Cooper within 90 days.


Dated:  April 17, 2008               s\ Nancy A. Vecchiarelli
                                     Nancy A. Vecchiarelli
                                     United States Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**