**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW COOPER,** | ) | **Case No.  3:07 CV 610** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STUART HUDSON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Amended Report and Recommended Decision of

Magistrate Judge Nancy A. Vecchiarelli, issued on April 17, 2008 **(ECF No. 10)** (the "R&R").

Pending is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody (the "Petition") filed by Matthew Cooper **(ECF No. 1)**.

The Magistrate Judge recommends that the Court dismiss Cooper's first two

grounds for habeas relief, but that the Court should grant the Petition based on Cooper's third

ground for relief.  The Magistrate Judge recommends that the Court vacate Cooper's conviction

for aggravated burglary unless the State of Ohio re-sentences him within ninety days.  On April

23, 2008, Respondent filed timely partial objections, objecting to the recommended grant of

Cooper's Petition.  (ECF No. 11.)  Cooper in turn filed his own timely partial objections to the

Magistrate Judge's recommendation on Ground Two.  (ECF No. 12.)  Cooper also cited recent

authority in response to Respondent's objection on Ground Three.  (*Id.*)  Accordingly, the R&R

is now ripe for a ruling by the Court.  For the reasons set forth below, the Court adopts in part

and amends in part the Magistrate Judge's Report and Recommendation.  The Court

**DISMISSES** Grounds One and Two, and **GRANTS** Cooper's habeas Petition with respect to

Ground Three.

## I. BACKGROUND

The Court adopts the R&R's thorough and comprehensive articulation of the

factual and procedural background, with amendments and additional elaboration to the extent

necessary.  Cooper's Petition arises out of his July 11, 2005 plea of guilty to aiding and abetting

aggravated burglary with a firearm specification, and aiding and abetting aggravated robbery.

He was sentenced on August 10, 2005 to three years imprisonment on the firearm specification,

and to consecutive terms of five years on each of the substantive offenses, with the five year

sentences to run concurrent with each other.[1]  In the aggregate, Cooper was sentenced to eight

years' imprisonment.[2]  Cooper did not file a timely notice of appeal.  He did, however, file a

notice of appeal in the trial court and a motion for leave to file a delayed appeal in the state

appellate court almost a year after his sentencing, on June 26, 2006.  On September 1, 2006, the

---

[1]On page 3 of the R&R, Cooper's sentence is described as being "concurrent five and three year sentences, with a consecutive three year sentence for the firearm specification and five years of post-release control."  (ECF No. 10, R&R 3.)  Similarly, the R&R on page 13 recounts that Cooper received five years for the [aiding and abetting] aggravated burglary conviction, and three years for the [aiding and abetting] aggravated robbery conviction.  (*Id.* at 13.)  The R&R on page 14 also infers that Cooper was sentenced to five years only on the [aiding and abetting] aggravated burglary conviction, but three years for the other substantive offense.  (*Id.* at 14.)  On page 15, the R&R makes the same inference.

A careful review of the sentencing hearing transcript and the Judgement Entry of Sentencing shows that Cooper in fact was sentenced to serve a three year term on the firearm specification, followed consecutively by five year sentences for each of the substantive offenses, with the five year sentences to be served concurrent to each other.  Thus, the Court amends those portions of the R&R that contemplate a three year sentence for the aiding and abetting aggravated robbery conviction.

[2]Cooper's sentence also included the mandatory five years of Post Release Control, along with joint and several liability for $474.32 worth of restitution to the victims.

state appellate court denied Cooper leave to appeal.  Cooper then filed a notice of appeal of the state court's decision with the Ohio Supreme Court on September 25, 2006, which the court denied on January 27, 2007.  Cooper filed his Petition in this Court on March 1, 2007.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams*, 529 U.S. at 412). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* (quoting *Williams*, 529 U.S. at 412).  The Sixth Circuit has held that, even if a federal court could

determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable.  *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducts a *de novo* review of those portions of the R&R to which Cooper and Respondent each objected.  Neither party has objected to the Magistrate Judge's conclusion that Cooper's claims are exhausted (ECF No. 10, R&R 7) and the Court adopts the Magistrate Judge's conclusion as to exhaustion.  Cooper's Petition asserts three grounds for relief.  The Court will discuss each ground in turn.

**A.  Ground One**

In Ground One, Cooper argues that he was "denied due process of law and equal protection of the law where an appellate court denied a delayed appeal where petitioner had not been advised of his right to an appeal and at no time did he knowingly, intelligently, or voluntarily waive his right to a delayed appeal."  (ECF No. 1, Pet. 3.)

The Magistrate Judge addressed the merits of Cooper's claim in Ground One, despite Respondent's argument that the claim was procedurally defaulted.  The Court agrees with the analysis contained in the R&R on the procedural default argument, as well as the analysis in the Magistrate Judge's merits review of Ground One.  Moreover, under the relevant statute:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  Here, the time for objections has passed, and

-4-

Cooper and Respondent both filed partial objections.  Respondent did not object to the conclusion that Ground One was not procedurally defaulted.  Cooper did not object to the recommendation to dismiss Ground One.  Having failed to object accordingly, Respondent and Cooper waived the right to a *de novo* determination of those issues by the Court.  *See Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The Court has carefully reviewed the R&R and hereby **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation as to Cooper's Ground One, and Ground One is **DISMISSED**.

**B.  Ground Two**

In Ground Two, Cooper argues that he was "denied due process of law when the trial court informed petitioner at the time of his plea of guilty that he was being prosecuted as an aider and abettor but, at sentencing, proceeded to sentence petitioner as a principal offender." (ECF No. 1, Pet. 3.)

The Magistrate Judge recommends dismissing Ground Two, concluding that Cooper was not sentenced as a principal offender and thus his due process argument collapses. (ECF No. 10, R&R 13-14.)  Cooper objected to the Magistrate Judge's recommendation, explaining that the due process error was not that he was sentenced as a principal offender, as the Magistrate Judge reasoned.  Instead, Cooper explained that his due process rights were violated because his guilty plea was not knowingly, intelligently, or voluntarily entered.  According to Cooper's argument, he pleaded guilty to aiding and abetting aggravated burglary, and aiding and abetting aggravated robbery, on the basis of information about those charges from the state trial court.  Yet, Cooper argues, the state trial court subsequently sentenced him as a principal

-5-

offender, not an aider and abetter.  Therefore, in Cooper's view, he was "denied his right to know the nature of the offense" to which he pleaded guilty, and his guilty plea was not voluntary, knowing, or intelligently entered.

The R&R frames the issue as one of due process regarding the length of Cooper's sentence.  The Magistrate Judge interpreted Cooper's claim as alleging that he was unfairly sentenced as a principal offender, which the Magistrate Judge concluded that Cooper deduced based on his belief that he received a longer prison sentence than his co-defendants.  (ECF No. 10, R&R 13.)  The analysis in the R&R discusses three problems with Cooper's Ground Two, as the Magistrate Judge interpreted the claim: (1) the sentencing court did *not* give Cooper a longer sentence than that of any co-defendant; (2) the faulty assumption that the co-defendants' circumstances were otherwise identical, when in reality only Cooper pleaded guilty to the firearms specification; and (3) the incorrect assumption that a sentence for aiding and abetting must necessarily be shorter than a sentence for a principal offender.  (*Id.*)  While the analysis in the R&R on each of these three problems is astute, the Court agrees with Cooper that the R&R misses the analytical mark on Cooper's Ground Two, if only slightly.  At the same time, the final outcome is the same for Cooper under the Court's analysis of his Ground Two.

The Court interprets Cooper's Ground Two to argue that his guilty plea violated his due process rights to be informed of the charges to which he was pleading.  Specifically, he argues that he pleaded guilty to complicity to two principal offenses, but that he was sentenced for the principal offenses.  Accordingly, the argument goes, Cooper's due process rights were violated because he pleaded guilty to the <u>complicity</u> charges, not the principal offenses, and his plea was not voluntary, knowing, or intelligently entered as to the principal offenses.

-6-

On first glance at the exhibits to Respondent's Return of Writ, it is understandable why Cooper might believe he pleaded guilty to one thing, but was sentenced to another.  First, the language contained in the Judgment Entry of Sentencing makes no mention of "aiding and abetting" in relation to the aggravated burglary and aggravated burglary charges.  (See ECF No. 6, Def.'s Answer/Return of Writ, Ex. 4, Judgment Entry of Sentencing ("The defendant withdrew his previously entered plea of Not Guilty, and entered a plea of Guilty to Count I, Aggravated Burglary . . . Count II, Aggravated Robbery . . . and Three Year Firearm Specification to Count I."); *id.* ("It is therefore ordered, adjudged and decreed that the Defendant, Matthew A. Cooper, is sentenced as follows: Count I Aggravated Burglary . . . Count II Aggravated Robbery.")  Second, according to the transcript from the sentencing hearing, the state trial court explained to Cooper that he (Cooper) would "serve a five (5) year prison term on the underlying charges of Aggravated Burglary and Aggravated Robbery" in addition to the mandatory three year term for the firearm specification to Count I.  (ECF No. 6, Def.'s Answer/Return of Writ, Ex. 5, Sentencing Transcript 16.)  Nowhere in the Judgement Entry of Sentencing or during the sentencing hearing did the phrase "aiding and abetting" precede the terms "aggravated burglary" and "aggravated robbery."

Nevertheless, that fact does not constitute a violation of Cooper's due process rights, for at least three reasons.  First, like in the Judgment Entry of Sentencing, the phrase "aiding and abetting" does not precede the terms "aggravated burglary" or "aggravated robbery" on the lines of the Entry of Guilty Plea – which Cooper personally signed – describing the offenses to which Cooper agreed to plead.  Therefore the documentary evidence shows that all parties understood that Cooper pleaded to the same offenses for which he was sentenced.

-7-

Second, although he might have been more precise with his choice of language, the state trial court used or did not use the "aiding and abetting" modifier interchangeably when discussing the charges during Cooper's change of plea hearing.  (*See* ECF No. 6, Def.'s Answer/Return of Writ, Ex. 3, Transcript of July 11, 2005 Hearing, 11 ("The State has requested an aider and abettor instruction in the jury instructions if this case went to trial, so that is their theory, yes."); *Cf id.* at 5 ("You're proposing to enter a plea of guilty to a couple of serious charges.  The Aggravated Burglary and the Aggravated Robbery are both felonies of the first degree.") and *id.* at 17 "There's the Aggravated Burglary and the Aggravated Robbery; how do you plead to those?").)  Thus, Cooper was aware that the state trial court made no legal distinction between a complicity offense such as aiding and abetting on one hand, and the principal offense associated therewith on the other.  Indeed, when Cooper raised the question of any differences between aiding and abetting a principal offense and the principal offense itself, the judge explained as follows:

> The Defendant: [C]ould you explain the aiding and abetting thing to me?  Is that what - - if I was found guilty of aiding and abetting, that's the same as - -

> The Court: Someone who aids and abets another is someone who assists another, helps another, encourages another, incites another.  <u>Anybody that is aiding and abetting another is just as guilty as the principal offender.  Matter of fact, they can be charged in terms of the principal offense</u>, and in this case I'm sure they are.

> [Prosecutor]: Yes.

(ECF No. 6, Def.'s Answer/Return of Writ, Ex. 3, Transcript of July 11, 2005 Hearing, 10 (emphasis added).)

The state trial court then continued its explanation by giving Cooper an example of how a complicity charge works.  The court concluded the example by explaining that if one

-8-

helps another by driving a getaway car during an armed robbery, "You're just as guilty of Aggravated Robbery" as the person who actually carried out the robbery.  (*Id.* at 11.)  Finally, the court asked Cooper, "You understand that?", to which Cooper replied in the affirmative.  (*Id.*)  Cooper therefore testified that he understood the interplay between aiding and abetting and the associated principal offenses, and that they are treated the same under the law.  He cannot now claim otherwise and thus transform his guilty plea into an unknowing, involuntary, or unintelligent plea.

Third, Ohio Revised Code § 2923.03 governs "Complicity," providing in pertinent part that "No person, acting with the kind of culpability required for the commission of an offense, shall . . . aid or abet another in committing the offense."  R.C. § 2923.03.  The statute continues to provide that "whoever violates this section is guilty of complicity of an offense, and shall be prosecuted and punished as if he were a principal offender.  A charge of complicity may be stated in terms of this section, or in terms of the principal offense."  R.C. § 2923.03(F) (emphasis added).  Thus, under the applicable law in this case, there is no meaningful difference between pleading guilty to aiding and abetting an offense, or committing the offense itself, as the judge correctly explained to Cooper.  Moreover, the statute even mandates that an aider or abetter *shall* be prosecuted and punished the same as if he were a principal offender.  To say that Cooper's guilty plea was knowing, intelligent, and voluntarily entered as to the two aiding and

abetting offenses, but not as to the principal offenses, would be illogical given the statutory relationship between a complicity offense and the principal offense.[3]

For these three reasons, the Court finds that Cooper's due process rights were not violated when he pleaded guilty to aiding and abetting the principal offenses, regardless of whether the state court sentenced him "as a principal offender" or "as an aider and abetter." Accordingly, the Court **OVERRULES** Cooper's objection to the Magistrate Judge's recommendation on Ground Two, and **ADOPTS** the Magistrate Judge's recommendation, as amended with the additional analysis provided above.  Cooper's Second Ground is **DISMISSED**.

**C.  Ground Three**

In Ground Three, Cooper argues that he was "denied due process of law and his rights under the Sixth and Fourteenth Amendments were violated when the trial court proceeded to sentence petitioner to more than a minimum sentence based on findings made by the court and not admitted at the time of his plea, especially when his plea of guilty was based on a claim by the court and prosecutor that petitioner was an aider and abettor but was sentenced later as a principal offender."  (ECF No. 1, Pet. 5.)

---

[3]Indeed, the United States Supreme Court recently considered whether one who aided and abetted a theft could be punished as a principal offender for a theft offense.  In concluding in the affirmative, the Supreme Court explained that "every jurisdiction – all States and the Federal Government – has 'expressly abrogated the distinction' among principals and aiders and abettors [who helped the principals before the offense, or who were present at the scene of the crime]."  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 127 S. Ct. 815, 820 (2007) (quoting 2 W. LaFave, Substantive Criminal Law § 13.1(e), p 333 (2d ed. 2003) (LaFave)).

The Magistrate Judge recommends granting Cooper's Petition on the basis of Ground Three, finding that Cooper's eight-year aggregate prison sentence[4] violated the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004) because the sentence was increased from an aggregate statutory presumptive sentence of six years to eight years based on judicial fact-finding.  Thus, the Magistrate Judge concludes, Cooper's sentence is contrary to clearly established federal law, and he is entitled to habeas relief.  The R&R recommends granting the Petition and vacating Cooper's conviction as to the aiding and abetting aggravated burglary charge (and, presumably, the aiding and abetting aggravated robbery conviction) unless the State of Ohio re-sentences Cooper within 90 days.  Respondent objects to granting relief on Ground Three.  After a *de novo* review of the issues, the Court agrees with the Magistrate Judge's analysis as it applies to Cooper's <u>sentences</u> for the substantive offenses, but adds additional analysis below.

As an initial matter, Respondent does not raise any argument that *Blakely* does not apply, conceding as Respondent must that *Blakely* applies to Cooper's sentence.  (ECF No. 11, Resp.'s Objection to the April 18, 2008 Amend. Report and Rec. at 2 ("There is no doubt that *Blakely*, which was decided on June 24, 2004, was applicable to Cooper's 2005 sentencing.").)  Instead, Respondent objects to granting the Petition on the argument that Cooper cannot show prejudice from the *Blakely* error.

Even when the Court finds that a habeas claim succeeds on the merits, habeas relief is not appropriate unless the constitutional error actually harmed the petitioner.  *See United*

---

[4]The statutory presumptive minimum six years is comprised of the mandatory consecutive three-year sentence on the firearm enhancement, and the presumptive minimum three year terms – presumptively concurrent – for the substantive offenses.

-11-

*States v. Copeland*, 321 F.3d 582, 603-05 (6th Cir. 2003).  In the Sixth Circuit, "[a]n error may be harmless only where the government is able to prove that none of the defendant's substantial rights have been affected by the error."  *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005) (citing FED R. CRIM. P. 52(a)).  "Under the harmless error test, a remand for an error at sentencing is required unless" the Court is "certain that any such error was harmless -- i.e. any such error 'did not affect the [trial court's] selection of the sentence imposed.'"  *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (quoting *Williams*, 503 U.S. at 203).

Here, Respondent explains that Ohio state courts may sentence above the statutory presumptive minimum without explicitly engaging in *Blakely*-violative judicial fact-finding in the wake of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006).[5]  Post-*Foster*, Ohio courts are free to impose enhanced or consecutive sentences without making the previously-required findings of fact.  *Foster*, 109 Ohio St. 3d at 30 ("[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.")  Because it is conceivable that Cooper might be re-sentenced to more than eight years, Respondent argues that Cooper cannot show that he was prejudiced by the eight-year sentence, and any *Blakely* error is therefore harmless.

---

[5]In *Foster*, the Ohio Supreme Court found that the Ohio sentencing scheme, under which courts were generally required to engage in judicial fact-finding before imposing consecutive sentences or a sentence above the statutory minimum, violated the Sixth Amendment in light of *Blakely*.  *Foster*, 109 Ohio St. 3d at 19-22.  The remedy chosen by the *Foster* court was to sever the offending portions of the Revised Code, including § 2929.14(B) and (C) (creating presumptive minimum sentences); § 2929.19(B)(2) (mandating judicial fact-finding before imposing enhanced sentence); § 2929.14(E)(4) (creating presumptive concurrent sentences); § 2929.41 (mandating judicial fact-finding to impose consecutive sentences); § 2929.14(D)(2) and (3) (judicial fact-finding required before imposing additional penalties for repeat violent offender and major drug offender specifications).  *Foster*, 109 Ohio St. 3d at 29-30.

In support of this position, Respondent relies on case law from the Northern District of Ohio, including from the undersigned, in which courts have denied habeas relief to petitioners with sentencing circumstances similar to Cooper's.  The Court rejects Respondent's argument for two reasons.

First, Respondent's primary support for this argument is Judge Gwin's decision in *Shafer v. Wilson*, No. 1:06-CV-648, 2007 U.S. Dist. LEXIS 6597, 2007 WL 315760 (N.D. Ohio Jan. 30, 2007).  In *Shafer*, Judge Gwin denied habeas relief to the petitioner who argued that his sentence violated *Blakely*.  Judge Gwin reasoned that the *Blakely* error was harmless and therefore nonprejudicial because the petitioner could not show that he would receive a more favorable sentence on remand under the post-*Foster* sentencing scheme.  The *Shafer* decision – which was appealed to the Sixth Circuit but dismissed for lack of prosecution because the petitioner's counsel failed to file his appellate brief – was cited in a number of subsequent opinions from the federal district courts in Ohio denying habeas relief notwithstanding possible *Blakely* errors.

Conversely, other federal district courts in Ohio came to the opposite conclusion, expressly rejecting the reasoning in *Shafer* and holding that the possibility of a higher sentence on remand did not render harmless the error in a *Blakely*-violative sentence.  Recently, Judge O'Malley issued an opinion containing extensive analysis of the various Ohio federal district court opinions on both sides of the issue.  *See Cvijetinovic v. Eberlin*, No. 04-CV-2555, 2008 U.S. Dist. LEXIS 26483, *63-72, 2008 WL 918576, *20-23 (N.D. Ohio Mar. 31, 2008) (listing and discussing cases).  Judge O'Malley explained that the courts rejecting *Shafer* "reasoned that the fact that an error *could* be harmless does not satisfy the harmless error standard."

-13-

*Cvijetinovic*, 2008 U.S. Dist. LEXIS 26483 at *69, 2008 WL 918576 at *22.  The leading case

articulating why error such as that in Cooper's case is not harmless error is Judge Frost's opinion

in *Villa-Garcia v. Warden, Noble Corr. Inst.*, No. 05-CV-810, 2007 U.S. Dist. LEXIS 23796,

2007 WL 1028528 (S.D. Ohio March 30, 2007).  In *Villa-Garcia*, Judge Frost explained

as follows:

> The flaw in [the reasoning in *Shafer*] is that it equates a possibility of no actual
> prejudice in terms of the eventual sentence received with an actuality of no prejudice
> resulting from a constitutional error. . . .  [B]ecause more than one outcome is
> possible upon re-sentencing, basing harmlessness on assumed certainty is flawed.
> It converts the concept of harmless error in this context into a doctrine of *always*
> harmless error.  Such conversion is especially dangerous when, as here, the
> possibility of a different sentence must logically preclude any habeas court from
> saying for a certainty that error is harmless.  *See United States v. Hazelwood*, 398
> F.3d 792, 801 (6th Cir. 2005) ("Under the harmless error test, a remand for an error
> at sentencing is required unless we are certain that any such error was harmless").

*Cvijetinovic*, 2008 U.S. Dist. LEXIS 26483 at *70, 2008 WL 918576 at *22-23 (quoting *Villa-*

*Garcia*, 2007 U.S. Dist. LEXIS 23796 at *12-13, 2007 WL 1028528 at *4) (emphasis

in *Villa-Garcia*).

Judge O'Malley agreed, reasoning that a "sentencing error is not harmless if the

petitioner could receive a lesser sentence absent unconstitutional judicial fact-finding."

*Cvijetinovic*, 2008 U.S. Dist. LEXIS 26483 at *70, 2008 WL 918576 at *23.  Judge O'Malley

further noted that Judge Gwin has "expressly retreated from his opinion in *Shafer* and adopted

the reasoning articulated in *Villa-Garcia*."  *Cvijetinovic*, 2008 U.S. Dist. LEXIS 26483 at *71,

2008 WL 918576 at *23 (quoting *Crotts v. Bradshaw*, No. 1:06-CV-2519, 2007 U.S. Dist.

LEXIS 79044, *46, 2007 WL 3283841, *17 (N.D. Ohio Oct. 30, 2007) (stating that "[t]he Court

agrees with the criticism of *Shafer*. . . .  While the state sentencing court may impose the same

-14-

sentence, it may also choose to impose a different one, as such the Court does not find the error harmless." (emphasis added))).

Though the Court is not bound by any of these district court opinions, the Court agrees with Judges O'Malley's and Frost's analysis.  To find an error harmless, there must be certainty that the defendant was not prejudiced.  *Hazelwood*, 398 F.3d at 801.  Because this Court cannot presume to know what the state trial judge will do on re-sentencing, Respondent cannot meet its burden of proof, and the *Blakely* error here was not harmless.

Second, the Court rejects Respondent's reliance on a recent Report and Recommendation that was adopted by the undersigned.  The Court's opinion in *Rettig v. Jefferys*, No. 3:06-CV-2252 (N.D. Ohio, April 15, 2008) is not applicable here.  Importantly, petitioner did not file any objections to the Magistrate Judge's Report and Recommendation in *Rettig*.  Consequently, the petitioner in that case waived *de novo* review of the Magistrate Judge's conclusion that any *Blakely* error did not result in prejudice.  Moreover, the petitioner in *Rettig* based his *Blakely* argument on a different issue than the one Cooper raised.  In *Rettig*, the issue was consecutive, rather than statutory presumptive concurrent, sentences.  Here, the issue is sentences enhanced above the statutory presumptive minimum.  The Court views the two issues as separate and distinct, and the Sixth Circuit has provided no guidance on either issue. Accordingly, Respondent's objection is **OVERRULED**.

As for Cooper's Ground Three on the merits, the matter is simple and straightforward.  Ohio Revised Code § 2929.13(D) provides that a prison sentence is presumptive, though not necessarily mandatory, for certain types of higher level felonies, including the first-degree felonies to which Cooper pleaded guilty.  *Id.*; *Foster*, 109 Ohio St. 3d

-15-

at 15.[6]  If the trial judge imposed a prison sentence, § 2929.14(B) provided that a trial judge, pre-*Foster*, <u>must</u> "impose the shortest prison term authorized, unless certain enhancements are applicable."  Revised Code § 2929.14(A)(1) provided that for a felony of the first degree, "the prison term shall be three, four, five, six, seven, eight, nine, or ten years."[7]

   In other words, Cooper was subject to a statutory presumptive prison term on the substantive offense convictions, and the statutory presumptive minimum term he faced for each conviction was three years.  Yet the state trial court imposed a five-year sentence on each of the two substantive offenses, after engaging in judicial fact-finding of the sort that *Blakely* found to be unconstitutional.  Indeed, under the Ohio sentencing scheme in place when Cooper was sentenced, the state trial court was <u>required</u> to engage in judicial fact-finding before enhancing a sentence above the statutory presumed minimum.  *See Foster*, 109 Ohio St. 3d at 19-20 ("Under R.C. 2929.14(B)(2) . . . a court is not authorized to exceed the shortest prison term unless it makes the additional findings.")

   Nothing in the record indicates that Cooper admitted to the facts upon which the state trial court enhanced his sentence from three to five years.  By enhancing Cooper's sentence on judicially-found facts, the state trial court violated the United States Supreme Court's holding in *Blakely*, and Cooper was prejudiced to the tune of two additional years added to his statutory

---

 [6]Pursuant to Revised Code § 2929.13(D)(2)(a)-(b), a sentencing court may impose community control sanctions in lieu of the presumptive prison term, but only after making specific factual findings similar to those required to enhance a prison sentence beyond the presumptive minimum term of years.  Because a sentencing court need not engage in judicial fact-finding to impose a prison sentence, the findings delineated in § 2929.13(D)(2) do not increase the sentence to which a defendant is subject based on impermissible findings of fact, and thus do not implicate *Blakely* concerns.

 [7]The three-year sentence Cooper received for the firearm specification is a mandatory prison term, which is also mandatorily consecutive to any prison term imposed for the substantive offense.  See R.C. §§ 2929.13(F)(8), 2929.14(D)(1)(a)(ii), and 2941.145.

presumptive prison sentence.  Thus his sentence was an unreasonable application of clearly established law, and habeas relief is appropriate.  The fact that Cooper will be re-sentenced under the <u>current</u> post-*Foster* Ohio sentencing scheme does not alter that conclusion.[8]

Regardless of the ultimate outcome of Cooper's re-sentencing, it is not this Court's position to speculate or hypothesize about what the state trial court <u>might</u> do when re-sentencing him.  The Court **ADOPTS** the R&R as to Ground Three as amended with additional analysis.  The Court **GRANTS** Cooper's Petitioner based on Ground Three, but only as to the extra two years for the substantive offenses.

### III.  CONCLUSION

At the time Cooper was sentenced, *Foster* had not yet been decided but *Blakely* had.  The Ohio sentencing statute required additional judicial fact-finding, which the trial judge made, in order to impose sentences on the substantive offenses above the statutory presumed three year minimums.  As the Magistrate Judge correctly concluded, this violated *Blakely* and, therefore, is an unreasonable application of clearly established law.

Accordingly, the Court **ADOPTS** as amended with additional analysis the Magistrate Judge's Report and Recommendation **(ECF No. 10)** with respect to Ground Three.

---

[8]The Court notes that this is another of those situations wherein a habeas petitioner should be careful what he or she wishes for; after *Foster*, the state trial court could conceivably sentence Cooper up to the statutory maximum aggregate prison term of twenty-three years – i.e. consecutive ten-year terms for the two substantive offenses, in addition to the consecutive three year term for the firearm specification – without needing to articulate specific findings to justify the large enhancement from the aggregate statutory minimum of six years.

This observation should be construed as nothing more than the Court's observation of the high end of a possible sentence for Cooper after *Foster*; it should not be taken as the Court's own view or suggestion on Cooper's eventual sentence.  Just as the Court cannot presume there was no prejudice to Cooper because of the *Blakely* error – as the state trial judge might sentence Cooper to less than eight years in prison – so too might the trial judge give a higher sentence on remand.

The Court **GRANTS** a writ of habeas corpus pursuant to Ground Three of Cooper's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (**ECF No. 1**). The Court vacates the extra two years of Cooper's sentences[9] for aiding and abetting aggravated burglary and aiding and abetting aggravated robbery, and directs the State of Ohio to re-sentence Cooper within ninety (90) days of this decision or, if an appeal is taken from the Court's ruling, within ninety (90) days of the resolution of the appeal (provided that this Court's determination stands).

Additionally, the Court **ADOPTS** as amended in parts the Magistrate Judge's Report and Recommendation with respect to Ground One and Ground Two, which are both **DISMISSED**.  The Court further finds that a certificate of appealability could not be taken in good faith with respect to dismissal of Grounds One and Two.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster        May 5, 2008*
**Dan Aaron Polster**
**United States District Judge**

---

[9]The Court amends the R&R's Conclusion that Cooper's "conviction for aggravated burglary" be vacated.  Only Ground Two attacked the constitutionality of Cooper's underline convictions, while Ground Three attacked the constitutionality of his underline sentences.  Relief on Ground Two is denied, and relief granted as to Ground Three only affects Cooper's sentences for complicity to aggravated burglary and complicity to aggravated robbery.  Therefore vacating Cooper's convictions is not the appropriate relief.  Moreover, the presumptive statutory minimum sentences are not problematic under *Blakely*, nor is the mandatory three-year term on the firearms specification.  Only the additional two years on the complicity sentences that constitute *Blakely* error are vacated.

-18-